FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHAEL BURNS, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.           No. 4:19-cv-140-JM

This case assigned to District Judge Moody
**SOUTHERN GLAZER'S, INC., SOUTHERN**    and to Magistrate Judge Harris
**GLAZER'S WINE AND SPIRITS OF**
**ARKANSAS, LLC, and SOUTHERN GLAZER'S**
**WINE & SPIRITS OF ARKANSAS II, LLC**        **DEFENDANTS**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Michael Burns, individually and on behalf of others similarly situated, by and through his attorneys April Rhéaume, Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Class and Collective Action ("Complaint") against Defendants Southern Glazer's, Inc., Southern Glazer's Wine and Spirits of Arkansas, LLC, and Southern Glazer's Wine & Spirits of Arkansas II, LLC (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants'

commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime wages as required by the FLSA and the AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Western Division of the Eastern District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Michael Burns is an individual and resident and domiciliary of Pulaski County.

10. Plaintiff was employed by Defendants as a delivery driver from June of 2018 until January 28, 2019.

11. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

12. Separate Defendant Southern Glazer's Inc., is the parent company of the other Defendants in this lawsuit and other Southern Glazer's subsidiaries, and is a Florida for-profit corporation that does business in the State of Arkansas.

13. Separate Defendant Southern Glazer's, Inc.'s primary business purpose is to sell and distribute alcohol to large retailers such as grocery stores.

14. Separate Defendant Southern Glazer's, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Separate Defendant Southern Glazer's, Inc., has had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

16. Separate Defendant Southern Glazer's, Inc., was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LLC, is a Texas for-profit Limited Liability Company that does business in the State of Arkansas.

18. Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LLC's primary business purpose is to sell and distribute alcohol to large retailers such as grocery stores.

19. Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LCC's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LLC, has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

21. Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LLC, was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Separate Defendant Southern Glazer's Wine and Spirits of Arkansas, LLC, has designated Corporation Service Company, 300 Spring Street, Suite 900, Little Rock, Arkansas 72201, to accept service on its behalf as its registered agent.

23. Separate Defendant Southern Glazer's Wine & Spirits of Arkansas II, LLC, is a Florida for-profit, Limited Liability Company that does business in the state of Arkansas.

24. Separate Defendant Southern Glazer's Wine & Spirits of Arkansas II, LLC, has designated Corporation Service Company, 300 Spring Street, Suite 900, Little Rock, Arkansas 72201, to accept service on its behalf as its registered agent.

25. Separate Defendant Southern Glazer's Wine & Spirits of Arkansas II, LLC's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

26. During each of the three years preceding the filing of this Complaint, Separate Defendant Southern Glazer's Wine & Spirits of Arkansas II, LLC, has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

27. Separate Defendant Southern Glazer's Wine & Spirits of Arkansas II, LLC, was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

28. Upon information and belief, Southern Glazer's, Inc., Southern Glazer's Wine & Spirits of Arkansas II, LLC, and Southern Glazer's Wine and Spirits of Arkansas, LLC, act or operate as one in the same, or are managed in a unified manner.

29. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

30. Together, these entities determined the hours worked by Plaintiff, the manner in which he performed his job duties, and the manner in which other delivery drivers performed their jobs.

31. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies, and set schedules for their employees through unified management.

## IV.   FACTUAL ALLEGATIONS

32. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Defendants' primary business purpose is to sell and distribute alcohol to retailers, and Defendants employ delivery drivers to accomplish this purpose.

34. Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to make deliveries to various retail locations across the country.

35. Defendants hired Plaintiff and set his work schedule, including the hours to be worked.

36. Defendants exercise comprehensive control over the conditions of employment of its drivers, including Plaintiff's employment.

37. Defendants require drivers to follow a route based on daily orders in performing their duties.

38. Specifically, Defendants require drivers to work at least four (4) days each week.

39. Drivers could not refuse to take certain routes and were required to finish a route, even if there were issues that caused delays that increased the number of hours worked.

40. Defendants set the pay rate for drivers. Plaintiff earned $121.10 each day. During the statutory period, Defendants compensated delivery drivers, including Plaintiff, by paying them a day rate for all hours worked.

41. Plaintiff and other drivers received the same day rate regardless of the number of hours they worked in a day or work week.

42. Defendants also paid the delivery drivers a case rate of $0.10 per case and $0.05 per loose bottle.

43. Defendants paid a bonus to delivery drivers for performance; these were paid every pay period in which there were no "infractions."

44. Plaintiff and other drivers regularly worked over forty (40) hours per week.

45. Defendants did not pay Plaintiff or other drivers an overtime premium for hours that they worked over forty (40) hours per week.

46. In other words, if any driver worked more than forty (40) hours per week, Defendants' practice was not to pay that employee an overtime premium of one and one half (1.5) times the driver's regular rate for the hours over forty (40).

47. Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty (40) per week, yet Defendants failed and refused to compensate Plaintiff for his work as required by the FLSA and the AMWA.

48. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA COLLECTIVE ACTION

49.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50.   Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.   Payment for all hours worked and overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.   Liquidated damages and attorneys' fees and costs.

51.   Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds thirty (30) persons. Defendants can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendants'.

52.   The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

53.   The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable

FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

54. The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

55. The proposed collective of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **All delivery drivers employed any time during the three years preceding the filing of the Complaint.**

56. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were misclassified by Defendants as exempt from the overtime requirements of the FLSA;

B. They were paid a day rate;

C. They performed the same or similar job duties;

D. They were subject to Defendants' common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week.

E. They were subject to numerous other common policies and practices as described *supra*.

### B. AMWA RULE 23 CLASS

57. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and

intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Plaintiff proposes to represent the class of delivery drivers who are/were employed by Defendants within the relevant time period within Arkansas.

59. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that over 100 class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

60. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

A. Whether Plaintiff and others similarly situated were denied overtime compensation, despite working in excess of forty (40) hours per week;

B. Whether Defendants satisfied their obligation to pay Plaintiff and others similarly situated the minimum wage payments required by the FLSA and the AMWA;

C. The correct method of calculating back pay;

D. Whether Plaintiff and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

E. Whether Defendants are liable for pre-judgment interest; and

F. Whether Defendants are liable for attorney's fees and costs.

61. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, in that Plaintiff and others similarly

situated were denied their wages as a result of Defendants' uniform policy of requiring Plaintiff and those similarly situated to continue to work, regardless of whether their hours exceeded forty (40) each week, and paying the same rate each day. These are the predominant issues that pertain to the claims of Plaintiff and of others similarly situated.

62.     Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

63.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

A.     Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

B.     Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

C.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

64. Plaintiff is not aware of any member of the proposed class who has an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

65. Class certification is further appropriate under AMWA because Defendants have acted and continue to act on grounds generally applicable to the members of the class and all the requirements under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

66. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

67. The questions of law and fact common to Plaintiff and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

68. Defendants have engaged in continuing violations of the AMWA and the FLSA.

69. Plaintiff and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendants' illegal policy, practice, and custom regarding pay for delivery drivers.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for FLSA Overtime Violations)

70. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

71.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a proper overtime premium for hours over forty (40) per week.

73.     Defendants' conduct and practice, as described above, have been and are willful, intentional unreasonable arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

75.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

76.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.     Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78. During the relevant time period, Defendants unlawfully refrained from paying drivers a proper minimum wage and overtime premium for hours over forty (40) per week.

79. Defendants failed to pay Plaintiff and other drivers an overtime premium for all hours worked over forty (40).

80. Plaintiff proposes to represent a collective of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **All delivery drivers employed any time during the three years preceding the filing of the Complaint.**

81. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendants are liable to members of the collective for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

83. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

84. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

85. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

86. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

87. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

88. Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

89. Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

90. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

91. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

92. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CLAIM FOR RELIEF
**(Class Action Claim for Violation of the AMWA)**

93. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

94. Arkansas Code Annotated § 11-4-211 requires employers to pay one and one-half times an employee's regular rate for all hours that the employee works in excess of forty per week.

95. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

**All Arkansas delivery drivers employed any time during the three years preceding the filing of the Complaint.**

96. Defendants failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week in violation of the AMWA.

97. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

98. Defendants willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

99.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and a reasonable attorney's fee and costs as provided by the AMWA.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Burns, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.   That Defendants be summoned to appear and answer herein;

B.   That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective action members and all monies paid to them;

C.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

D.   A declaratory judgment that Defendants' practices alleged herein violate the AMWA and attendant regulations;

E.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the class and collective actions;

F.   Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;* and the AMWA.

G.   Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and putative collective action members during the applicable statutory period;

H. An order directing Defendants to pay Plaintiff and members of the collective action prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MICHAEL BURNS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rheaume
April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

/s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com