IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHAEL BURNS**                                                                                          **PLAINTIFF**

vs.                                               No. 4:19-cv-140-JM

**SOUTHERN GLAZER'S WINE & SPIRITS OF AMERICA,
LLC, SOUTHERN GLAZER'S WINE AND SPIRITS OF
ARKANSAS, LLC, and SOUTHERN GLAZER'S
WINE & SPIRITS OF ARKANSAS II, LLC**                                   **DEFENDANTS**

## BRIEF IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT, IF NECESSARY, AND TO DISMISS WITH PREJUDICE

Plaintiff and Defendants have reached a settlement (the "Settlement") with respect to Plaintiff's claims against Defendants. The Settlement was reached after the Parties exchanged information and was negotiated at arms-length by counsel experienced in wage-and-hour litigation. The Settlement, if approved, will provide meaningful relief to Plaintiff. The Parties wish for the terms of the Settlement to remain confidential. Accordingly, as discussed below, the Parties request that the Court either: (1) approve the Settlement reached between the Parties; or (2) order that such approval is not required and direct the Parties to file a Stipulation of Dismissal with Prejudice. In support of this Motion, the Parties jointly state as follows:

**I.   INTRODUCTION**

Plaintiff Michael Burns filed this suit against his former employers on February 21, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

Page 1 of 5
**Michael Burns, et al. v. Southern Glazer's Wine & Spirits of America, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:19-cv-140-JM**
**Brief in Support of Joint Motion to Approve Settlement and Dismiss with Prejudice**

("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 *et seq*. ("AMWA"). Specifically, Plaintiff alleged that he was improperly denied overtime pay.

Before filing a response to Plaintiff's Complaint, Defendant, through counsel, provided Plaintiffs' counsel with documents relevant to Plaintiff's potential damages and Defendant's potential defenses to liability. Through subsequent negotiations, Plaintiff reached an agreement with Defendants to settle his claims in this case[1] This Settlement is the compromise of disputed claims that fairly compensates Plaintiff for the alleged harm but does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff. The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiff's claims against Defendant with prejudice, or order the Parties to file a Stipulation of Dismissal with Prejudice.

## II.   LEGAL AUTHORITY AND ARGUMENT

Many courts have held that court approval of FLSA settlements is required because of the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In that case, the Eleventh Circuit stated "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees," either in a settlement supervised by the Department of Labor or in a settlement reviewed and approved by a court in a private action for back wages. *Id.* at 1352. Since then, in reliance on *Lynn's Food Stores*, parties have routinely sought court approval of FLSA settlements.

The Fifth Circuit distinguished the Eleventh Circuit's decision in *Lynn's Food*

---

[1] The Parties are submitting a copy of the fully-executed Settlement Agreement and Release for *in camera* review.

Page 2 of 5
**Michael Burns, et al. v. Southern Glazer's Wine & Spirits of America, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:19-cv-140-JM**
**Brief in Support of Joint Motion to Approve Settlement and Dismiss with Prejudice**

*Stores* and held it inapplicable to a case where the plaintiff knew of their FLSA rights and had legal counsel prior to signing the settlement agreement. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012). Because there was "little danger of employees being disadvantaged by unequal bargaining power" and there was a "bona fide dispute as to liability," the Fifth Circuit held that a private FLSA settlement under these circumstances was binding and enforceable without court approval." *Id.* at 255-57.

Several district courts have since held that no reasonableness review or public filing of FLSA settlements is necessary in cases like the one at bar. *See Schneider v. Habitat for Humanity Intern., Inc.*, No. 5:14-cv-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015); *see also Order*, *Marshall v. United Inv. Solutions, Inc.*, No. 4:18-cv-761-JM (E.D. Ark. Jan. 16, 2019) (ECF #5) (dismissing case with prejudice without review based upon the parties' stipulation); *Willer v. Ark. Cty. Co-Op*, No. 4:17-cv-408-BSM, 2018 WL 5993586 (E.D. Ark. Nov. 14, 2018) (dismissing case without reasonableness review because three factors from *Schneider* were met); *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 WL 5784047 (W.D. Ark. Nov. 2, 2018) (same).

In *Schneider*, the court held that "the risk is minimal that an unreasonable settlement will result from 'unequal bargaining power as between employer and employee' in FLSA lawsuits where each of the following three criteria is met: (1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through

Page 3 of 5
Michael Burns, et al. v. Southern Glazer's Wine & Spirits of America, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-140-JM
Brief in Support of Joint Motion to Approve Settlement and Dismiss with Prejudice

their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur." 2015 WL 500835, at *3. The Eighth Circuit has acknowledged the split authority on the question and declined to decide whether district courts must review FLSA settlements. *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

The Parties believe that the Settlement reached in this case meets the criteria set forth in *Schneider*. First, while this lawsuit was initially filed as a collective action, Plaintiff has not requested not has this Court granted certification of any class or collective. Second, Plaintiff was represented by counsel from the time of filing of the Complaint through the conclusion of subsequent settlement negotiations. Third, the Parties wish for their Settlement to remain confidential and do not wish for any reasonableness review of their Settlement to occur, unless the Court deems such review necessary.

To the extent the Court determines that a reasonableness review is required, the Parties submit that the Settlement is fair and equitable and should be approved by the Court. Where a reasonableness review is required, the "district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Ferguson v. Ark. Support Network, Inc.*, No. 5:17-cv-5257, 2018 WL 6517453, at *2 (W.D. Ark. Dec. 11, 2018) (citing *Lynn's Food Stores*, 679 F.2d at 1353 n.8). In this case, it is clear that a *bona fide* dispute exists between the Parties. The Settlement is fair and equitable to Plaintiff, who will receive meaningful relief and attorneys' fees and costs if the Settlement is

Page 4 of 5
Michael Burns, et al. v. Southern Glazer's Wine & Spirits of America, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-140-JM
Brief in Support of Joint Motion to Approve Settlement and Dismiss with Prejudice

approved.  Plaintiff has been represented by counsel experienced in wage and hour litigation who agree that the Settlement is fair and equitable.

### III.   Conclusion

The Parties jointly and respectfully request that the Court approve the Settlement and the terms of the release and, upon approval of the Settlement, that the Court dismiss the action against Defendant with prejudice.

Date: May 30, 2019                    Respectfully submitted,

| | |
|---|---|
| Josh Sanford, Ark. Bar No. 2001037 | Teresa Rider Bult, AR BPR #2012109 |
| **SANFORD LAW FIRM, PLLC** | **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP** |
| ONE FINANCIAL CENTER | tbult@constangy.com |
| 650 SOUTH SHACKLEFORD | 401 Commerce Street, Suite 1010 |
| SUITE 411 | Nashville, TN 37219 |
| LITTLE ROCK, ARKANSAS 72211 | Phone: (615) 320-5200 |
| Telephone: (501) 221-0088 | Fax: (615) 321-5891 |
| Facsimile: (888) 787-2040 | |
| josh@sanfordlawfirm.com | |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |

Page 5 of 5
Michael Burns, et al. v. Southern Glazer's Wine & Spirits of America, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-140-JM
Brief in Support of Joint Motion to Approve Settlement and Dismiss with Prejudice